## EASTMAN v. HIBBARD.

A discharge under the United States bankrupt act of 1867 is no bar to a suit against a surety on a bond executed before the bankruptcy to secure the plaintiff for such damages as might be occasioned him by an injunction staying the collection of an execution, when the equity proceeding in which the injunction was issued was not determined till after the discharge.

DEBT upon a bond dated October 5, 1866.

John F. Morse, one of the defendants, pleaded in abatement that "after the said supposed cause of action in said declaration mentioned had accrued, he the said John F. Morse was duly adjudged a bankrupt, under the act of congress entitled an 'An act to establish a uniform system of bankruptcy throughout the United States.'" The plea sets forth that a discharge in bankruptcy in due form of law was granted under said act, unto him the said John F. Morse, on the 29th day of June, 1868, setting forth said discharge in full. "And the said John F. Morse further says, that the said supposed cause of action in said declaration mentioned accrued previous to the filing of the said John F. Morse's said petition for adjudication, on the seventh day of January, 1868; that the same existed on that day; that the same was and is provable under said act of congress in said matter of bankruptcy; and that the same is not a debt or cause of action which by said act

is excepted from the operation of a discharge in bankruptcy, and this he is ready to verify; wherefore he prays judgment," &c.

The plaintiff replied as follows: "The plaintiff says that by reason of anything by the said defendant Morse in his said plea alleged, he ought not to be barred from having and maintaining his action aforesaid thereof against him, because he says that the obligation in said declaration set forth was given upon the condition following, that is to say,—'The condition of this obligation is such, that whereas the said Elisha Hibbard has obtained an injunction upon the said William Eastman, his attorney or attorneys, and George Morrison, deputy sheriff, and others concerned, against the collection of an execution issued in favor of the said Eastman against the said Hibbard, issued at the September term of the supreme judicial court for said county of Grafton, for two hundred and ninety-nine dollars and seventy-three cents damages, and eighteen dollars and six cents costs;—now, if the said Elisha Hibbard shall pay and satisfy all such damages as may be occasioned to said William Eastman by reason of such injunction, in case the proceedings in which the said injunction is issued shall be determined against the said Elisha Hibbard, then this obligation to be void, otherwise to remain in full force;' that the proceedings in which said injunction was issued were determined against said Hibbard long after the 7th day of January, 1868, in the said defendant's said plea mentioned, and were not before that time determined, to wit, on the 13th day of March, 1873. And this he is ready to verify," &c. To this replication the defendant demurred.

The case was reserved.

*Carpenter*, for the plaintiff.

*E. W. Farr*, for the defendants.

LADD, J. The replication shows that no cause of action accrued to the plaintiff on this bond until more than five years after Morse was adjudged a bankrupt, and almost five years after his final discharge. The question is, whether the liability of the defendant as surety on the bond was discharged by his discharge in bankruptcy.

Section 19 of the bankrupt act of 1867 provides that "in all cases of contingent debts and contingent liabilities contracted by the bankrupt, and not herein otherwise provided for, the creditor may make claim therefor and have his claim allowed, with the right to share in the dividends, if the contingency shall happen before the order for the final dividend; or he may at any time apply to the court to have the present value of the debt or liability ascertained and liquidated, which shall then be done in such manner as the court shall order, and he shall be allowed to prove for the amount so ascertained." It was obviously impossible for the plaintiff to avail himself of either of these provisions; the contingency did not happen before the order for the final dividend, and there was no basis upon which the present value of

the liability could be ascertained and liquidated. Whether any liability, contingent or otherwise, would ever arise upon the bond, could not possibly be ascertained at that time, and was not in fact ascertained till five years afterwards. It depended upon whether the proceeding in which the injunction was issued should be determined in favor of Hibbard or this plaintiff. The claim was not provable under the act, and it is not to be presumed that congress intended a result so manifestly unjust as that it should be barred by the discharge.

Section 19 of the act of 1867 is to the same general purpose as section 5 of the bankrupt act of 1841, and the English act of 6 Geo. 4, c. 16, namely, to provide for the proof of contingent debts and demands. Cases decided under the provisions of those acts may therefore be considered as in point. I will refer particularly to but one,— *Woodard* v. *Herbert*, 24 Mc. 358. There a debtor was arrested on mesne process, and gave a bond in common form to procure his release from arrest; the surety in the bond then filed his petition, and was decreed to be a bankrupt; next, judgment was rendered in the action, and the bond became forfeited by the neglect of the principal to perform the condition thereof; and afterwards the bankrupt received his certificate of discharge. It was held that such certificate furnished no defence to a suit on the bond. SHEPLEY, J., delivering the judgment of the court, says,—" It is necessary to distinguish between a contingent demand, and a contingency whether there will ever be a demand. * * In the case of a bond made to release from arrest on mesne process, there is no obligation to pay the debt in any event, if one should finally be established. It only obliges the surety to cause the principal to do a personal act, and in case of failure, to make compensation in damages wholly unliquidated and incapable of estimation, before the effect produced by the failure of performance of the personal act can be perceived. It would seem to have been impossible to fix any value upon such a personal obligation. Upon what principles could a court direct a valuation of the chances that the plaintiff would recover judgment, and that the defendant in that suit would neglect to notify and disclose, as the statute requires?" This reasoning is entirely applicable to the present case. *Goodwin* v. *Stark*, 15 N. H. 218, is much in point, as are also the English cases of *Hinton* v. *Acraman*, 2 M. G. & S. 367, *Hankin* v. *Bennett*, 8 W. H. & G. 107, *Parker* v. *Ince*, 4 H. & N. 53, cited by plaintiff's counsel, and *M'Dougal* v. *Paton*, 8 Taunt. 588.

We are of opinion that the replication shows a good answer to the plea, and that the demurrer

*Must be overruled.*